Case 02-38335-hdh11 Doc 96 Filed 12/13/02 Entered 12/13/02 08:41:00 Desc
Converted from BANCAP Page 1 of 4



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| LJM2 CO-INVESTMENT, L.P., | § § | Case No. 02-38335 SAF<br>Chapter 11 |
| Debtor. | § | |

**ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. §363 FOR FINAL ORDER AUTHORIZING THE CONTINUED EMPLOYMENT OF AP SERVICES LLC f/k/a JA&A SERVICES, LLC REPRESENTATIVES AS MANAGEMENT OF DEBTOR THROUGH PARTNERSHIP SERVICES, LLC, THE DEBTOR'S GENERAL PARTNER**

On the 10th day of December 2002, the Court conducted a final hearing on the Motion Pursuant to 11 U.S.C. §363 for Interim and Final Order Authorizing the Continued Employment of AP Services, LLC f/k/a JA&A Services, LLC Representatives as Management of Debtor Through Partnership Services, LLC, the Debtor's General Partner (the "Motion")[1] filed by LJM2 Co-Investment L.P. (the "Debtor"). The Debtor and Dresdner Bank AG, New York Branch, as agent for certain lenders ("Lenders"), appeared through their respective counsel of record, and the Court was advised that the Lenders' potential objections to the Motion have been resolved on the terms set forth in this Order. After considering the Motion, the Declaration of Bettina M. Whyte attached to the Motion, the engagement letter as amended attached to the Motion ("Engagement Letter"), and the absence of objections filed to the Motion, the Court finds that notice of the Motion and hearing thereon has been proper in all respects; that the Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; that the relief requested in the Motion and granted by this Order is in the best

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

134412.5

interest of the Debtor, its estate and creditors; and that the following final Order should be entered.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Debtor is authorized to continue to employ representatives of AP Services LLC formerly known as JA&A Services LLC ("APS"), as management of the Debtor through Partnership Services, LLC, the Debtor's general partner, on a final basis, effective as of the Petition Date, on the terms and conditions set forth in the Engagement Letter as modified by this Order.

2. The terms and conditions of the Engagement Letter, as modified herein, are hereby approved by the Court.

3. The indemnification of JA&A Services LLC now known as APS, Bettina M. Whyte, other JAS Temporary Staff (now APS Temporary Staff), Partnership Services LLC, Jay Alix & Associates now known as AlixPartners LLC, and their respective affiliates, directors, associates, officers and employees by the Debtor as set forth in the Engagement Letter (collectively "Indemnity"") shall be treated as follows: (i) APS shall have the right and is authorized to use all or a portion of the $2.0 million retainer from the Debtor held by APS ("Retainer") to pay the Debtor's Indemnity, including defense costs, that are not paid by any applicable insurance policies maintained by the Debtor; (ii) in the event that APS intends to apply all or a portion of the Retainer to pay all or a portion of such Indemnity or defense costs, JAS shall provide prior written notice of the amount of such intended application and the basis for the indemnity claim to counsel for the Lenders and the U.S. Trustee, and the Lenders and the U.S. Trustee will have 10 days after receipt of such notice to file an objection with the Court; and, in the absence

of timely objection, APS shall be authorized to apply such Retainer to pay the Indemnity as set forth in the notice; and, in the event of a timely objection, the parties agree to jointly request the Court to rule on such objection on an expedited basis and no use of the Retainer to pay the Indemnity shall be made until the Court rules on the objection or the objection is resolved; (iii) if the Retainer and any applicable insurance policies maintained by the Debtor are insufficient to pay the Indemnity in full, APS shall have the right to request that the Court authorize the Debtor to pay such Indemnity, on notice to the Lenders and U.S. Trustee, and in this event the rights of the Lenders and U.S. Trustee to object to such payment on any grounds shall be expressly reserved.

4. On a monthly basis, APS shall file a notice of compensation earned and paid and expenses incurred and paid under the Engagement Letter for the previous month with the Court, and serve such notice on the Lenders' counsel and the U.S. Trustee. Such compensation and expenses shall be subject to Court review only in the event that an objection is filed to the notice within 20 days of service of such notice.

5. The termination/break-up fee provided for in the Engagement Letter has been waived by APS. In lieu thereof, APS shall be entitled to an additional bonus of $500,000 in the event a plan of reorganization is confirmed by December 31, 2003 with no objection by the Lenders as to material substantive terms, payable upon the effective date of the plan of reorganization.

6. In the event that Partnership Services LLC, as general partner of the Debtor, retains separate counsel and seeks to have such counsel paid by the Debtor as set forth in the Engagement Letter, such retention shall be subject to Court approval

and payment of compensation to such counsel shall be subject to Court approval through the fee application process and administrative orders of the Court.

7.    The payment to APS of any "carried interest" from gross assets sales as provided for in the Engagement Letter shall be subject to Court approval in the event it is earned by APS.

SIGNED this 10th day of December, 2002

HONORABLE STEVEN A. FELSENTHAL
CHIEF BANKRUPTCY JUDGE

**AGREED TO AND APPROVED:**

KING & SPALDING

By: _____
Mitchell I. Sonkin
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100

-and-

KRAFSUR GORDON MOTT P.C.

By: _____
H. Christopher Mott
State Bar No. 14596430
4695 N. Mesa
El Paso, Texas 79912
(915) 545-1133

Counsel for Debtor

CHADBOURNE & PARKE LLP

By: _____
Howard Seife
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

-and-

GARDERE WYNNE SEWELL LLP

By: _____
Holland O'Neil
1601 Elm Street
Dallas, Texas 75201
(214) 999-4961

Counsel for Lenders

4